UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-23523-CMA

DANIEL MUNERO, and other
similarly situated individuals,

    Plaintiff(s),

v.

THE TERMITE DOCTOR, LLC, a Florida Limited
Liability Company and RAUL J. ECHEVARRIA,
Individually,

    Defendants.
_____/

## DEFENDANTS ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES

Defendants THE TERMITE DOCTOR, LLC ("Termite Doctor") and RAUL J. ECHEVARRIA ("Echevarria") (collectively "Defendants"), hereby file and serve their Answer and Statement of Affirmative Defenses in response to Plaintiff Daniel Munero's Complaint and respectfully allege as follows:

    1.    Defendants admits that Plaintiff purports to bring an action to recover money damages in excess of $15,000 for alleged unpaid minimum wages and overtime and alleged retaliation pursuant to the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA"). Defendants deny, however, that Plaintiff is entitled to any relief whatsoever, and they specifically deny violating any laws that support a claim for relief by Plaintiff and/or the invocation of the Court's jurisdiction.

    2.    Defendants admit generally that this Court has jurisdiction over matters involving violations of the FLSA. Defendants deny, however, that Plaintiff is entitled to any relief whatsoever, and they specifically deny violating any laws that support a claim for relief by Plaintiff and/or the invocation of the Court's jurisdiction.

3. Defendants are without knowledge of the Plaintiff's residence, and, therefore, deny these allegations. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit that Termite Doctor is located in Miami-Dade County, Florida. Except as admitted, Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants admit that Echevarria is an officer and the owner of Termite Doctor. Defendants are without knowledge as to what Plaintiff refers to by the use of the terms "operational control over the activities," and, therefore denies these allegations. Except as admitted, Defendants deny the allegations in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 are legal conclusions for which a responsive pleading is unnecessary. To the extent a responsive pleading is required; Defendants deny the same.

7. Defendants admit that Plaintiff purports to seek declaratory, injunctive, legal and equitable relief pursuant to the FLSA and FMWA. Defendants admit that Plaintiff also seeks attorneys' fees, costs, and "damages." However, Defendants deny violating any laws that would entitle Plaintiff to the relief that he seeks.

8. Defendants deny the allegations in Paragraph 8 of Plaintiff's Complaint.

**ALLEGED FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Defendants deny the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations in Paragraph 12 of Plaintiff's Complaint.

**COUNT I**
**Alleged Wage & Hour Federal Statutory Violation Against The Termite Doctor, LLC**

13. Termite Doctor re-avers and reincorporates by reference the responses to Paragraphs 1 through 12 as though fully set forth herein.

14.     Termite Doctor admits that Plaintiff purports to bring this action on behalf of himself and purportedly similarly-situated others to recover unpaid minimum wage and overtime compensation, liquidated damages, costs, and attorney's fees pursuant to the FLSA.  However, Termite Doctor denies that Plaintiff is entitled to any relief whatsoever, and it specifically denies violating any laws that would entitle Plaintiff to the relief that he seeks. Termite Doctor further states that the statutory authority referenced in Paragraph 14 speaks for itself, and it is a legal conclusion for which no response is required.  To the extent a response is required; Termite Doctor denies these allegations. Except as admitted, Termite Doctor denies the allegations set forth in Paragraph 14.

15.     Termite Doctor admits generally that this Court has jurisdiction over matters involving violations of the FLSA.  Termite Doctor denies; however, that Plaintiff is entitled to any relief whatsoever, and it specifically denies violating any laws that support a claim for relief by Plaintiff and/or the invocation of the Court's jurisdiction.  Except as admitted, Termite Doctor denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Termite Doctor admits that it makes telephone calls to other states.  Termite doctor is without knowledge as to what Plaintiff refers to by the phrases "provides its services for goods. . . ," "obtains and solicits funds from non-Florida sources," "telephonic transmissions," and "regularly," and, therefore, denies these allegations.  Except as admitted, Termite Doctor denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Termite Doctor is without knowledge as to what Plaintiff refers to by the use of the terms "at all times material hereto," and, therefore, denies these allegations.  Termite Doctor denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18.     The allegations in Paragraph 18 are legal conclusions for which a responsive pleading is unnecessary.  To the extent a responsive pleading is required; Termite Doctor denies the allegations in Paragraph 18 of Plaintiff's Complaint.

3

19.     Termite Doctor admits that Plaintiff seeks alleged unpaid wages from his purported date of hire and/or from three (3) years prior to the date of the filing of his Complaint.  Termite Doctor denies, however, that Plaintiff is entitled to any relief whatsoever, and it specifically denies violating any laws that would entitle Plaintiff to the relief that he seeks.  Except as admitted, Termite Doctor denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Termite Doctor denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Termite Doctor denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.     Termite Doctor denies the allegations in Paragraph 22 of Plaintiff's Complaint.

In response to the unnumbered "WHEREFORE" clause that follows Paragraph 22 of Plaintiff's Complaint and contains subparagraphs A–E, Termite Doctor denies that any cause or controversy exists so as to entitle Plaintiff and/or any alleged similarly situated others to any relief sought in this clause. Termite Doctor respectfully requests that this Court: (a) dismiss the instant Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Termite Doctor its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

## COUNT II
### Alleged Wage & Hour Federal Statutory Violation Against Raul Echevarria

23.     Echevarria re-avers and reincorporates by reference the responses to Paragraphs 1 through 22 as though fully set forth herein.

24.     Echevarria admits that Plaintiff purports to bring this action on behalf of himself and purportedly similarly-situated others to recover alleged unpaid minimum wage and overtime compensation, liquidated damages, costs, and attorney's fees pursuant to the FLSA.  However, Echevarria denies that Plaintiff is entitled to any relief whatsoever, and he specifically denies violating any laws that would entitle Plaintiff to the relief that he seeks.  Echevarria further states that the statutory authority referenced in paragraph 24 speaks for itself and it is a legal conclusion for which no response is required.  To the extent a response is required; Echevarria denies these allegations.  Except

4

as admitted, Echevarria denies the allegations set forth in Paragraph 24.  Except as admitted, Echevarria denies the allegations set forth in Paragraph234.

26.	Echevarria admits that this Court generally has jurisdiction over matters involving alleged violations of the FLSA.  Echevarria denies, however, that Plaintiff is entitled to any relief whatsoever, and he specifically denies violating any laws that support a claim for relief by Plaintiff and/or the invocation of the Court's jurisdiction.  Except as admitted, Echevarria denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.	Echevarria admits that he makes telephone calls to other states.  Echevarria is without knowledge as to what Plaintiff refers to by the phrases "provides its services for goods. . . ," "obtains and solicits funds from non-Florida sources," "telephonic transmissions," and "regularly," and, therefore, denies these allegations.  Except as admitted, Echevarria denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.	Echevarria is without knowledge as to what Plaintiff refers to by the use of the terms "at all times material hereto," and, therefore, denies these allegations.  Echevarria denies the remaining allegations in Paragraph 27 of Plaintiff's Complaint.

28.	The allegations in Paragraph 28 are legal conclusions for which a responsive pleading is unnecessary.  To the extent a responsive pleading is required; Echevarria denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.	Echevarria admits that Plaintiff seeks alleged unpaid wages from his purported date of hire and/or from three (3) years from prior to the date he filed his Complaint.   Echevarria denies, however, that Plaintiff is entitled to any relief whatsoever, and he specifically denies violating any laws that would entitle Plaintiff to the relief that he seeks.  Except as admitted, Echevarria denies the allegations set forth in Paragraph 29.

30.	Echevarria denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.	Echevarria denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Echevarria denies the allegations in Paragraph 32 of Plaintiff's Complaint.

In response to the unnumbered "WHEREFORE" clause that follows Paragraph 32 of Plaintiff's Complaint and contains subparagraphs A–E, Echevarria denies that any cause or controversy exists so as to entitle Plaintiff and/or any alleged similarly situated others to any relief sought in this clause. Echevarria respectfully requests that this Court: (a) dismiss the instant Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Echevarria his costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

## COUNT III
**Alleged FMWA Violation Against The Termite Doctor, LLC**

33. Termite Doctor re-avers and reincorporates by reference the responses to Paragraphs 1 through 32 as though fully set forth herein.

34. Termite Doctor admits that Plaintiff purports to bring this action on behalf of himself and alleged similarly-situated others to recover unpaid minimum wage compensation, liquidated damages, costs, and attorney's fees pursuant to the FMWA. Termite Doctor denies; however, that Plaintiff is entitled to any relief whatsoever, and it specifically denies violating any laws that would entitle Plaintiff to the relief that he seeks. Except as admitted, Termite Doctor denies the allegations set forth in Paragraph 34.

35. The allegations in Paragraph 35 are legal conclusions for which a responsive pleading is unnecessary. To the extent a responsive pleading is required; Termite Doctor denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Termite Doctor admits that Plaintiff seeks alleged unpaid minimum wages accumulated from his purported date of hire and/or from three (3) years prior to the date of the filing of his Complaint. Termite Doctor further admits that, during a portion of the year in 2011, the minimum wage was $7.31, and it was $7.67 in 2012 and $7.79 in 2013. Termite Doctor denies, however, that Plaintiff is entitled to any relief whatsoever, and it specifically denies violating any laws that would entitle Plaintiff

6

to the relief that he seeks.  Except as admitted, Termite Doctor denies the allegations set forth in Paragraph 36.

37. Termite Doctor denies the allegations in Paragraph 37 of Plaintiff's Complaint.

In response to the unnumbered "WHEREFORE" clause that follows Paragraph 37 of Plaintiff's Complaint and contains subparagraphs A–E, Termite Doctor denies that any cause or controversy exists so as to entitle Plaintiff and/or any alleged similarly situated others to any relief sought in this clause. Termite Doctor respectfully requests that this Court: (a) dismiss the instant Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Termite Doctor its costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

## COUNT IV
**Alleged FMWA Violation Against Raul Echevarria**

38. Echevarria re-avers and reincorporates by reference the responses to Paragraphs 1 through 37 as though fully set forth herein.

39. Echevarria admits that Plaintiff purports to bring this action on behalf of himself and purportedly similarly-situated others to recover alleged unpaid minimum wage compensation, liquidated damages, costs, and attorney's fees pursuant to the FMWA.  However, Echevarria denies that Plaintiff is entitled to any relief whatsoever, and he specifically denies violating any laws that would entitle Plaintiff to the relief that he seeks. Except as admitted, Echevarria denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. The allegations in Paragraph 40 are legal conclusions for which a responsive pleading is unnecessary.  To the extent a responsive pleading is required; Echevarria denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Echevarria admits that Plaintiff seeks alleged unpaid minimum wages accumulated from his purported date of hire and/or from three (3) years prior to the date of the filing of his Complaint. Echevarria further admits that, during a portion of the year in 2011, the minimum wage was $7.31, and

it was $7.67 in 2012 and $7.79 in 2013.  Echevarria denies; however, that Plaintiff is entitled to any relief whatsoever, and he specifically denies violating any laws that would entitle Plaintiff to the relief that he seeks.  Except as admitted, Echevarria denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42. Echevarria denies the allegations in Paragraph 42 of Plaintiff's Complaint.

In response to the unnumbered "WHEREFORE" clause that follows Paragraph 42 of Plaintiff's Complaint and contains subparagraphs A–E, Echevarria denies that any cause or controversy exists so as to entitle Plaintiff and/or any alleged similarly situated others to any relief sought in this clause. Echevarria respectfully requests that this Court: (a) dismiss the instant Complaint with prejudice; (b) deny the demands and prayer for relief; (c) award Echevarria his costs and attorneys' fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

## COUNT IV
### Alleged Federal Statutory Violation:  Retaliatory Discharge of Daniel Munero Pursuant to 29 U.S.C. 215(A)(3)

43. Defendants re-aver and re-incorporate by reference the responses to Paragraphs 1 through 42 as though fully set forth herein.

44. Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

### Jury Demand

Defendants deny that any case or controversy exists so as to entitle Plaintiff and any alleged similarly situated others to a trial by jury.

\*   \*   \*

**STATEMENT OF AFFIRMATIVE DEFENSES**

As separate affirmative defenses and without conceding that Defendants bear the burden of proof of persuasion as to any of them, Defendants allege as follows:

1. Upon information and belief, Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part to the extent that the work he performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) or (b).

3. Plaintiff's claims are barred in whole or in part by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

4. Defendants assert that Plaintiff is not entitled to liquidated damages because Defendants did not willfully or otherwise violate the FLSA, and if any violation is established, Defendants had a good-faith belief they were in compliance with the FLSA.

5. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in traveling to or from the actual place of performing the principal activities he was employed to perform or during which Plaintiff was engaged in activities that were preliminary or postliminary to his principal activities.

6. Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the statutes cited in the Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages.

7. Plaintiff's Complaint fails to state a claim upon which relief can be granted because recovery for any of the causes of action alleged in the Complaint requires the existence of an employer-employee relationship, and Plaintiff was properly classified as an independent contractor, not employees.

8. Plaintiff's claims are barred because Plaintiffs are exempt from the minimum wage and/or overtime pay provisions of the FLSA.

9. Defendants assert that some or all of Plaintiff's claims are barred by the applicable statute of limitations, waiver, estoppel and/or laches.

10. Plaintiff's claims are barred by the doctrine of unclean hands.

11. Plaintiff's claims are barred to the extent that he failed to satisfy any condition precedent to filing the instant lawsuit.

12. Plaintiff's claim for damages is barred, in whole or in part, to the extent that he failed to reasonably mitigate his damages.

13. Defendants are entitled to a set-off against Plaintiff's claim for damages in the amount(s) that Plaintiff did or could have earned through reasonable efforts.

14. As a result of conditions precedent not occurring, no contractual obligations have been created on behalf of Defendants.

15. There was a lack of consideration for any alleged contract that renders it null and void.

16. The recovery of all or part of Plaintiff's claims is barred by the doctrine of accord and satisfaction.

17. Plaintiff's claims are barred in part, or in their entirety, by the doctrine of unjust enrichment.

18. If any contract exists between Plaintiff and any Defendant, then such Defendant is entitled to legal and equitable rescission.

19. Defendants assert that any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA. See, e.g., 29 C.F.R. § 785.19.

20. Any actions undertaken with regard to Plaintiff were taken for lawful and legitimate, non-retaliatory business reasons.

21.     Plaintiff's claims and/or damages are barred on the grounds that even if any decision concerning Plaintiff was based, in part, on grounds of unlawful retaliation, and no decision was, Defendants would have reached the same decision based on other legitimate, non-retaliatory reasons.

22.     To the extent it is discovered that Plaintiff engaged in misconduct, violation of Defendants' policies, or other conduct that would have resulted in his termination by Defendants, or would have precluded him from obtaining employment with Defendants, Plaintiff is subject to the after-acquired evidence doctrine and limited in his recovery of remedy.

23.     Defendants have made good faith efforts to prevent retaliation in their workplace and cannot be liable for the decisions of their agents, to the extent that the challenged employment decisions were contrary to their efforts to comply with anti-retaliation statutes.

24.     Defendants reserve the right to plead other affirmative defenses which become known during the discovery of this case.

DATED this 29th day of September 2014.

Respectfully submitted,

LITTLER MENDELSON, P.C.
Wells Fargo Center, Suite 2700
333 S.E. 2nd Avenue
Miami, FL  33131
Tel:  (305) 400-7500
Fax: (305) 603-2552

By: /s/ *Linda Noël, Esq.*
    Linda Noël, Esq.
    Florida Bar No. 0659606
    E-mail: lnoel@littler.com

Counsel for Defendant THE TERMITE DOCTOR, LLC

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 29th day of September 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Linda Noël*_____
Linda Noël

**SERVICE LIST**

Jason S. Remer, Esq.
E-mail:  jremer@rgpattorneys.com
            jsr@rgpattorneys.com
Brody Shulman, Esq.
E-mail:  bshulman@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130


Firmwide:129228616.1 082160.1001